AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of **Delaware**

UNITED STATES OF AMERICA

V.

Gary Earl
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR07-174

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC § 841
  - ☐ under 18 U.S.C. § 924(c).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
JAN 22 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence: Defendant is charged with possession with intent to distribute more than 50 grams of cocaine base. Applying the factors under 18 USC § 3142(g), the court finds that there are no conditions or combination thereof that will reasonable assure defendant's appearance as required and the safety of the community on the following bases:

1. Nature of the offense: Defendant is charged with a serious drug offense for which the rebuttable presumption applies. The facts in support of the offenses show that defendant attempted to flee from police and while fleeing discarded items on three occasions. Those items were 3 bags of crack, all over 1 gram.
2. Weight of the Evidence: Defendant's conduct was observed by police officers. Defendant has been indicted so that probable cause exists. As noted above the facts against defendant support the charge.
3. Characteristics of defendant: Although defendant is a life long resident of DE. his criminal history began at age 15 when he was found delinquent for unlawful sexual contact. A year later in 1999 defendant was found guilty of unlawful sexual contact 2d. In 2005 defendant was found guilty of criminal impersonation and resisting arrest for providing a false name and fleeing traffic stop. Subsequently, defendant was found guilty of possession of MJ with intent to distribute and for fleeing and eluding police. For that arrest a bench warrant was issued and he had FTO. Within 5 months of his conviction, a bench warrant was issued for VOP in January 2006. Defendant pled guilty to VOP in February 2007. He was discharge as unimproved. As a result of his juvenile convictions, defendant is a registered sex offender
Although defendant claims to live at his parents address, he parents report that he usually stays with his girlfriend. His girlfriend reports that at most he spends one to 2 nights a week with her. As a result, defendant has no stable living arrangements. Defendant has had 13 capiases in the past 4 years. He has been unemployed since October 2007 and his prior employment history is best described as spotty. He has been previously terminated from employment for poor attendance.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| January 22, 2008 | |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or ©) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).