IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 07-174-GMS |
| | ) | |
| GARY EARL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Lesley F. Wolf, Assistant United States Attorney for the District of Delaware, and the defendant, Gary Earl, by and through his attorney, Keir Bradford, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to waive indictment and plead guilty in the United States District Court for the District of Delaware to a one-count Felony Information, which charges him with possession with intent to distribute a controlled substance, to wit, five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) (Count One). Count One carries a term of imprisonment of no less than five years and a maximum sentence of forty years imprisonment; a $2,000,000 fine; a term of supervised release of at least four years up to a life term of supervised release; and a $100.00 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements of the offense charged in Count One: namely, (1) that on or about November 28, 2007, the defendant knowingly (2) possessed (3) with intent to distribute (4) 5 grams or more of a mixture or substance containing a detectable amount of cocaine base. The

defendant knowingly, voluntarily and intelligently admits his guilt to those four elements of the offense charged in Count One of the Information in the above case.

3. At or about the time of sentencing, the Government will dismiss the Indictment filed on December 27, 2007.

4. The defendant agrees to forfeit all interests in the 1995 Cadillac Eldorado, Delaware registration number 403613 and $1825.00 in United States currency.

The defendant further agrees to waive all interest in the Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for the Property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of the Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable Property to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that the Property covered by this agreement is subject to forfeiture as property facilitating illegal conduct.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility. The Government will move for an additional one-point reduction, if the defendant qualifies for such a decrease under United States Sentencing Guideline Section 3E1.1(b).

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the parties that this Memorandum supersedes all prior

promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____           BY:    _____
Gary Earl                                                      Lesley F. Wolf
Defendant                                                    Assistant United States Attorney

_____
Keir Bradford, Esquire
Attorney for Defendant

Dated: March 31, 2008

    **AND NOW,** this 31st day of March, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by this Court.

_____
Honorable Gregory M. Sleet
United States District Judge

FILED
MAR 3 1 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE